Leonard **ROBINSON**, PlaintiffAppellee,

v.

Jeffrey **NOLTE**, Officer, Badge Number 26408, Defendant—Appellant.

No. 02–55094.

D.C. No. CV–98–04739–NM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 2, 2003.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Officer Jeffrey Nolte of the Los Angeles Police Department ("LAPD") appeals a jury award of $1,000,000 in compensatory damages for gunshot injuries inflicted on Leonard Robinson during the latter's arrest. Officer Nolte also appeals the district court's denial of his renewed motion for judgment as a matter of law, in which he argued that he was protected by qualified immunity. We affirm the decision of the district court.

At trial, Officer Nolte and Robinson offered conflicting accounts of the circumstances of the shooting. Officer Nolte testified that Robinson was holding a shotgun that he was pointing at Nolte, and that he shot Robinson to protect himself. Robinson testified that the shotgun was in his lap, and that he was lying on the bed with his hands up when Officer Nolte shot him. To support his version of events, Robinson offered forensic and physical evidence involving the path of the bullet through his hands, as well as evidence that there was

no blood or other tissue on the gun, as would be expected if Robinson's hands had been on the gun when they were shot. The jury credited Robinson's version of the events, which is amply supported by the forensic evidence.

■ A police officer violates the Fourth Amendment rights of an individual when the officer uses more force than what is objectively reasonable under the circumstances. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001). The use of deadly force, in turn, is reasonable only when an individual poses an immediate threat to the officer or others. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Haugen v. Brosseau*, 339 F.3d 857, 862–63 (9th Cir.2003); *Harris v. Roderick*, 126 F.3d 1189, 1201 (9th Cir.1997). According to Robinson's evidence, he was lying back on the bed, his arms raised over his head in a classic surrender position, with a gun in his lap. In this position, he did not pose a risk to the officer or others. Simply possessing a gun, without more, is insufficient cause to justify the use of deadly force. *Haugen*, 339 F.3d at 863. Since there was no other indication that Robinson intended to use the gun, and the informant who had tipped police off to his presence had told the officers that Robinson was armed but would not fire on police, the use of deadly force was a violation of Robinson's Fourth Amendment rights.

■ Even though Officer Nolte violated the defendant's constitutional rights, he may still be protected by qualified immunity unless the constitutional rule was "clearly established" at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The rule governing the use of

---

deadly force has been established since the Supreme Court decided *Garner* in 1985. Based on Robinson's evidence, which the jury credited, we conclude that Officer Nolte acted in violation of clearly established law when he shot Robinson. We therefore reject his contention that he is shielded by qualified immunity.

The decision of the district court is

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.